IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ARIEL ANTONIETO MEJIA ESCOBAR, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>JEFF CRAWFORD, et al., )<br>)<br>Respondents. ) | 1:25-cv-1834 (LMB/LRV) |

<u>ORDER</u>

Petitioner Ariel Antonieto Mejia Escobar ("Escobar"), a native and citizen of Honduras, has filed a two-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") agency since October 21, 2025. Specifically, he alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I) and federal regulations (Count II). Additionally, although not styled as a count in the Petition, Escobar cites the Fifth Amendment to the United States Constitution as the basis for this Court's jurisdiction, [Dkt. No. 1] at ¶ 5, and the federal respondents have indicated that "the Petition contends that . . . detention without a bond hearing violates . . . the Due Process Clause," [Dkt. No. 7] at 1.

Escobar is currently detained at the Farmville Detention Center, which is within this Court's jurisdiction and the basis upon which he is suing Jeff Crawford, the warden of the Farmville Detention Center. Escobar has also sued Kristi Noem, the DHS Secretary; Russell Holt, ICE Washington Field Office's Enforcement and Removal Operations Director; and

Pamela Jo Bondi, the Attorney General (collectively "the federal respondents"). For the reasons discussed in this Order, the Court finds that Escobar is detained pursuant to 8 U.S.C. § 1226(a). Accordingly, his Petition will be granted on due process grounds, and the respondents will be ordered to release him from custody and provide him with a bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a).[1]

I.

According to his Petition, Escobar, a 30-year-old native and citizen of Honduras, has resided in the United States since August 2014. [Dkt. No. 1] at ¶ 23. Escobar was "not apprehended by the Border Patrol and came directly to Maryland where he has resided in Hyattsville, Maryland with his mother ever since." Id.

On September 20, 2019, Escobar was placed in removal proceedings through a Notice to Appear, which alleged that Escobar was an "alien present in the United States who has not been admitted or paroled" and was therefore inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). [Dkt. No. 1-1]. In the interim, Escobar met his wife, who is a United States citizen, and the couple married on July 13, 2022. [Dkt. No. 1] at ¶ 24; [Dkt. No. 1-2]. Escobar's wife has filed an I-130 petition on his behalf, and that petition remains pending. [Dkt. No. 1] at ¶ 24; [Dkt. No. 1-3]. On May 4, 2023, an Immigration Judge dismissed the removal proceedings against Escobar without prejudice. [Dkt. No. 1-4]. According to the Petition, "the Immigration Judge dismissed proceedings on DHS motion because of the pending I-130 Petition, evidence of a bona fide

---

[1] Because the Court is granting relief on due process grounds, it need not address Escobar's arguments based on the INA or federal regulations. Additionally, although the federal respondents do not address Escobar's claim for attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), the Court finds that Escobar has no cognizable claim for attorney's fees because a habeas proceeding is not a "civil action" under the EAJA. Obando-Segura v. Garland, 999 F.3d 190, 195 (4th Cir. 2021); accord Luna Quispe v. Crawford, 1:25-cv-1471-AJT-LRV, Dkt. No. 17 at 6.

2

marriage and stated intent to file an I-610A provisional waiver," [Dkt. No. 1] at ¶ 24; however, according to Supervisory Detention and Deportation Officer James A. Mullan, who submitted a declaration in support of the federal respondents' opposition, "[t]he Immigration Judge granted the parties' joint motion to dismiss the removal proceedings against the Petitioner as an exercise of ICE's prosecutorial discretion," [Dkt. No. 7-1] at ¶ 9.

On October 21, 2025, Escobar was taken into federal immigration custody while meeting with a client for work purposes. [Dkt. No. 1] at ¶ 25. The next day, DHS issued Escobar a Notice to Appear which charged Escobar with being inadmissible to the United States, and thus subject to removal, under 8 U.S.C. § 1182(a)(6)(A)(i) and (a)(7)(A)(i)(I). [Dkt. No. 7-1] at ¶ 11. Escobar is scheduled for an initial master calendar hearing on November 17, 2025. Id. ¶ 12.

Escobar filed his Petition for Writ of Habeas Corpus on October 22, 2025. [Dkt. No. 1]. This Court subsequently entered an Order requiring that he not "be removed or transferred from this district for any reason without this Court's permission." [Dkt. No. 3]. On October 28, 2025, Escobar filed a Proposed Release Plan, which shows a fixed home address in Hyattsville, Maryland, where he will reside if released. [Dkt. No. 5]. The federal respondents have filed an opposition. [Dkt. No. 10]. Finding that oral argument will not aid the decisional process, the Petition will be resolved on the papers submitted.

II.

The central question posed in Escobar's Petition is whether he is subject to mandatory detention under § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under § 1226(a). The federal respondents contend that Escobar's detention is governed by § 1225(b)(2). They maintain that whether an individual is detained under § 1225(b) or § 1226(a) lies in the "distinction between aliens who are detained after a lawful admission into

3

the U.S. and those who are present without a lawful admission." [Dkt. No. 7] at 5. According to the federal respondents, anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. Id. at 5–6. Therefore, they argue that because Escobar has not been admitted "as a legal matter" into the United States, he is inadmissible under 8 U.S.C. § 1182(a), considered to be an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). Id. at 9.

This argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[2] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. See Romero v. Hyde, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while

---

[2] See, e.g., Gomes v. Hyde, 2025 WL 1869299 (D. Mass. July 7, 2025); Martinez v. Hyde, 2025 WL 2084238 (D. Mass. July 24, 2025); Lopez Benitez v. Francis, 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025); Maldonado v. Olson, 2025 WL 2374411 (D. Minn. Aug. 15, 2025); Arrazola-Gonzalez v. Noem, 2025 WL 2379285 (C.D. Cal. Aug. 15, 2025); J.O.E. v. Bondi, 2025 WL 2466670 (D. Minn. Aug. 27, 2025); Jacinto v. Trump, 2025 WL 2402271 (D. Neb. Aug. 19, 2025); Samb v. Joyce, 2025 WL 2398831 (S.D.N.Y. Aug. 19, 2025); Dos Santos v. Noem, 2025 WL 2370988 (D. Mass. Aug. 14, 2025); Garcia Jimenez v. Kramer, 2025 WL 2374223 (D. Neb. Aug. 14, 2025); Anicasio v. Kramer, 2025 WL 2374224 (D. Neb. Aug. 14, 2025); Rosado v. Figueroa, 2025 WL 2337099 (D. Ariz. Aug. 11, 2025); Orellana Juarez v. Moniz, 2025 WL 1698600 (D. Mass. June 11, 2025); Hernandez Nieves v. Kaiser, 2025 WL 2533110 (N.D. Cal. Sept. 3, 2025); Vasquez Garcia v. Noem, 2025 WL 2549431 (S.D. Cal. Sept. 3, 2025); Carmona-Lorenzo v. Trump, 2025 WL 2531521 (D. Neb. Sept. 3, 2025); Lopez-Campos v. Raycroft, 2025 WL 2496379 (E.D. Mich. Aug. 29, 2025); Kostak v. Trump, 2025 WL 2472136 (W.D. La. Aug. 27, 2025).

simultaneously narrowing § 1226(a) such that it would have an extremely limited (if any) application." Lopez Benitez v. Francis, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025).

This Court has previously addressed several of these points in Hasan v. Crawford, 2025 WL 2682255 (E.D. Va. Sept. 19, 2025), and maintains and incorporates that reasoning into this Order. That same reasoning has been applied in multiple cases since this Court issued its memorandum opinion in Hasan, and where this Court has required that a petitioner be provided with a standard bond hearing pursuant to § 1226(a), the petitioner has been granted bond. Vargas Nunez v. Lyons et al., 1:25-cv-1574-LMB-WEF, Dkt. No. 12 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Diaz Gonzalez v. Lyons et al., 1:25-cv-1583-LMB-IDD, Dkt. No. 10 (E.D. Va. Oct. 15, 2025) (released on his own recognizance); Gomez Alonzo v. Simon et al., 1:25-cv-1587-LMB-LRV, Dkt. No. 20 (E.D. Va. Oct. 9, 2025) (released under bond of $1,500); Perez Bibiano v. Lyons et al., 1:25-cv-1590-LMB-WEF, Dkt. No. 10 (E.D. Va. Oct. 14, 2025) (released on his own recognizance); Guerra Leon v. Noem et al., 1:25-cv-1634-LMB-WEF, Dkt. No. 14 (E.D. Va. Oct. 22, 2025) (released on his own recognizance); Melendez v. U.S. Immigr. & Customs Enf't et al., 1:25-cv-1622-LMB-WBP, Dkt. No. 14 (E.D. Va. Oct. 28, 2025) (released on his own recognizance); see also Chaudhari v. Crawford et al., 1:25-cv-1772-LMB-IDD, Dkt. No. 14 (E.D. Va. Oct. 27, 2025) (releasing a petitioner from ICE custody after this Court determined that he had already been released on bond pursuant to § 1226(a)). Moreover, DHS has chosen not to appeal the Immigration Judges' bond decisions.

Escobar has been present in the United States since 2014. [Dkt. No. 1] at ¶ 23. Because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," Jennings v. Rodriguez, 583 U.S. 281, 303 (2018), Escobar's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a

5

bond hearing before an Immigration Judge, in which an Immigration Judge must determine whether he poses a danger to the community, and whether he is a flight risk. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless an Immigration Judge makes such a determination, Escobar's continued detention is unlawful.

### III.

For all the reasons stated above, Escobar's Petition [Dkt. No. 1] is GRANTED, and it is hereby

ORDERED that Escobar be promptly released from custody, with all his personal property, pending his bond hearing before an Immigration Judge. Escobar must live at the fixed address identified in his Proposed Release Plan and appear at the bond hearing once the government notifies him of its date, time, and location; and it is further

ORDERED that respondents provide Escobar with a standard bond hearing before an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of the date of this Order; and it is further

ORDERED that respondents be and are ENJOINED from denying bond to Escobar on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that, if Escobar is granted bond, respondents be and are ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2)[3]; and it is further

ORDERED that respondents file a status report with this Court within 3 days of the bond hearing, stating whether Escobar has been granted bond, and, if his request for bond was denied, the reasons for that denial.

---

[3] This Court has previously found that "the automatic stay imposed in immigration cases constitutes an unequivocal violation of due process." Hasan, 2025 WL 2682255, at *13.

The Clerk is directed to enter judgment in Escobar's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, cancel the hearing scheduled for October 31, 2025, and close this civil action.

Entered this 29th day of October, 2025.

Alexandria, Virginia

/s/  
Leonie M. Brinkema  
United States District Judge